**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| AARON C. LONDON, | Civil Action No. 07-4866 (DMC) |
| Plaintiff, | |
| v. | OPINION |
| JOEL A. PISANO, et al., | |
| Defendants. | |

**APPEARANCES:**

    AARON C. LONDON, #37992-060, Plaintiff Pro Se
    Allenwood U.S. Penitentiary
    P.O. Box 3000
    White Deer, Pennsylvania 17887

**CAVANAUGH**, District Judge

    Plaintiff Aaron C. London, a federal prisoner confined at the United States Penitentiary at Allenwood, seeks to file a Complaint in forma pauperis under 28 U.S.C. § 1915. Based on his affidavit of poverty, prison account statement, and the absence of three dismissals within 28 U.S.C. § 1915(g), the Court (1) grants the application to proceed in forma pauperis; (2) directs the Clerk to file the Complaint; (3) assesses the $350.00 filing fee against Plaintiff; (4) directs the Bureau of Prisons ("BOP") to deduct an initial partial filing fee from Plaintiff's prison account and to forward same to the Clerk, when funds exist; and (5) directs the BOP to forward payments from Plaintiff's prison account to the Clerk each subsequent month that the amount in the account exceeds $10.00, until the $350.00 filing fee is paid in full. See 28 U.S.C. § 1915(a), (b). Having thoroughly reviewed Plaintiff's allegations, the Court will dismiss the Complaint with prejudice.

## I. BACKGROUND

Plaintiff asserts violations of his constitutional rights by United States District Judge Joel A. Pisano, Assistant United States Attorney Diana Carrig, and the United States, arising from his criminal prosecution. See United States v. London, Crim. No. 01-0699 (JAP) (D.N.J. filed Oct. 30, 2001). Plaintiff contends that Judge Pisano violated his rights to Due Process and access to courts by falsely advising Plaintiff in his criminal proceeding that Plaintiff had no appeal rights and thereby causing Plaintiff's direct criminal appeal to be dismissed for a jurisdictional defect. In addition, Plaintiff asserts that Judge Pisano imposed an illegal criminal sentence because there was no case or controversy. Plaintiff asserts that AUSA Carrig violated his constitutional rights by filing a superseding indictment charging crimes carrying a more severe penalty because Plaintiff's rejected several plea offers. Plaintiff seeks damages and injunctive relief barring Judge Pisano and AUSA Carrig from practicing federal law for four years.

## II. LEGAL STANDARD

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires the Court, prior to docketing or as soon as practicable after docketing, to review a complaint in a civil action in which a plaintiff is proceeding in forma pauperis or a prisoner seeks redress against a governmental employee or entity. See 28 U.S.C. §§ 1915(e)(2)(B), 1915A. The PLRA requires the Court to sua sponte dismiss any claim if the Court determines that it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. Id.

"A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, _ U.S. _, _, 127 S. Ct. 2197, 2200 (2007) (citations and internal quotation marks omitted); see also Haines v. Kerner, 404 U.S. 519, 520 (1972). "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.' Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson, 127 S. Ct. at 2200 (citations and internal quotation marks omitted).

A claim is frivolous if it "lacks even an arguable basis in law" or its factual allegations describe "fantastic or delusional scenarios." Neitzke v. Williams, 490 U.S. 319, 328 (1989); see also Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990). "Given the Federal Rules' simplified standard for pleading, '[a] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)); see also Thomas v. Independence Tp., 463 F.3d 285, 296-97 (3d Cir. 2006); Alston v. Parker, 363 F.3d 229, 233 n.6 (3d Cir. 2004).

### III. DISCUSSION

Federal courts are courts of limited jurisdiction. See Mansfield, C. & L. M. Ry. Co. v. Swan, 111 U.S. 379, 383 (1884). "[T]hey have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." Bender v. Williamsport Area School Dist., 475 U.S. 534, 541 (1986). A district court may exercise jurisdiction over "Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and

3

Treaties made, or which shall be made, under their authority." U.S. Const. art. III., § 2; see also 28 U.S.C. § 1331.

In Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), the Supreme Court "recognized for the first time an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights." Correctional Services Corp. v. Malesko, 534 U.S. 61, 66 (2001). The Supreme Court found an implied damages remedy available under the Fourth Amendment. See Bivens, 403 U.S. at 397. The Supreme Court has recognized an implied damages remedy under the Due Process Clause of the Fifth Amendment, see Davis v. Passman, 442 U.S. 228 (1979), and the Cruel and Unusual Punishment clause of the Eighth Amendment, Carlson v. Green, 446 U.S. 14 (1980). To state a claim for damages under Bivens, a plaintiff must show that federal officers violated his constitutional rights. See Malesko, 534 U.S. at 66.

Plaintiff's damage claims against Judge Pisano and AUSA Carrig fail as a matter of law because these Defendants are absolutely immune from a suit for damages. "[J]udges . . . are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." Figueroa v. Blackburn, 208 F.3d 435, 440 (3d Cir. 2000) (quoting Stump v. Sparkman, 435 U.S. 349, 355-6 (1978)); see also Azubuko v. Royal, 443 F. 3d 302, 303 (3d Cir. 2006) "A judicial officer in the performance of his duties has absolute immunity from suit and will not be liable for his judicial acts"). Because the alleged wrongdoing by Judge Pisano consists of judicial acts which are absolutely protected from suit for damages, all damage claims against Judge Pisano will be dismissed with prejudice.

4

Plaintiff's damage claims against AUSA Carrig also fail. A prosecutor is absolutely immune from a damage action for "initiating and pursuing a criminal prosecution." Kalina v. Fletcher, 522 U.S. 118 (1997) (quoting Imbler v. Pachtman, 424 U.S. 409, 410 (1976)). Because the alleged wrongdoing by AUSA Carrig consisted of acts taken in the prosecutorial role, Plaintiff's damage claims against AUSA Carrig will also be dismissed with prejudice.

Plaintiff also seeks injunctive relief restraining Judge Pisano and AUSA Carrig from practicing federal law for four years. Plaintiff's claims for injunctive relief fail, however, because Plaintiff lacks standing to seek such relief. To invoke the powers of a federal court, the plaintiff "must show an injury to himself that is likely to be redressed by a favorable decision. Absent such a showing exercise of its power by a federal court would be gratuitous and thus inconsistent with the Art. III limitation." Simon v. Eastern Ky. Welfare Rights Org., 426 U.S. 26, 38 (1976). Because a plaintiff must establish that a favorable decision will be likely to redress his or her injury, a plaintiff may have standing to sue for damages yet lack standing to seek injunctive and declaratory relief, which are wholly prospective in nature. See Ashcroft v. Mattis, 431 U.S. 171 (1977); Brown v. Fauver, 819 F.2d 395, 399-400 (3d Cir. 1987). "Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects." O'Shea v. Littleton, 414 U.S. 488, 495-96 (1974). As the Supreme Court recently explained,

> If respondent had alleged a continuing violation or the imminence of a future violation, the injunctive relief requested would remedy that alleged harm. But there is no such allegation here-and on the facts of the case, there seems no basis for it. Nothing supports the requested injunctive relief except respondent's generalized interest in deterrence, which is insufficient for purposes of Article III.

5

Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 108-109 (1998) (citing Los Angeles v. Lyons, 461 U.S. 95, 111 (1983)). Because injunctive relief against Judge Pisano and AUSA Carrig would not remedy Plaintiff's alleged injury in fact, Plaintiff lacks standing to obtain the requested injunctive relief and such claims will be dismissed.

Plaintiff also sues the United States for alleged violation of his constitutional rights. "It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." United States v. Mitchell, 463 U.S. 206, 212 (1983); accord Federal Deposit Ins. Corp. v. Meyer, 510 U.S. 471, 475 (1994) ("Sovereign immunity is jurisdictional in nature"). The United States has not waived sovereign immunity for constitutional violations. See F.D.I.C. v. Meyer, 510 U.S. at 485 ("An additional problem with Meyer's 'logic' argument is the fact that we implied a cause of action against federal officials in Bivens in part because a direct action against the government was not available"). Although Congress waived sovereign immunity under certain circumstances in the Federal Tort Claims Act ("FTCA"), see 28 U.S.C. § 1346(b); United States v. Muniz, 374 U.S. 150 (1963), a constitutional tort is not cognizable under the FTCA. See F.D.I.C. v. Meyer, 510 U.S. at 477. Because Plaintiff has no Bivens cause of action against the United States, and a constitutional tort is not cognizable under the FTCA, the claims against the United States will be dismissed.

## IV. CONCLUSION

The Court grants Plaintiff's application to file the Complaint in forma pauperis and dismisses the Complaint with prejudice. The Court will enter an appropriate Order.

_____
DENNIS M. CAVANAUGH, U.S.D.J.

Dated: __6/29/67__, 2007